UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD G. KAYLOR, JR.

                Plaintiff,

      -vs-                    No. 6:16-CV-00281 (MAT)
                                  **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

**I.   Introduction**

Represented by counsel, plaintiff Richard G. Kaylor, Jr. ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further

---

[1]Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

**II.  Procedural History**

Plaintiff protectively filed applications for DIB and SSI on February 7, 2013, both of which were initially denied. Administrative Transcript ("T.") 155-56, 177-84, 228-43. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Robert T. Harvey on October 1, 2014. T. 120-54, 185-86. On December 29, 2014, ALJ Harvey issued a decision in which he found that plaintiff was not disabled as defined in the Act. T. 101-19. On August 9, 2016, the Appeals Council denied plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 15-17. This action followed.

**III. The ALJ's Decision**

Initially, the ALJ determined that plaintiff had met the insured status requirements of the Act through September 30, 2017. T. 106. At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since October 10, 2012, the alleged onset date. *Id.* At step two, the ALJ found that plaintiff suffered from the severe impairments of status post ORIF of the left calcaneus, status post hardware removal of plates and screws of the left calcaneus, degenerative disease of the lumbar

2

spine, and burns of the hands and right leg. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 107.

Before proceeding to step four, the ALJ determined that plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations: cannot work in areas with unprotected heights or around heavy, moving, or dangerous machinery; occasional limitations in bending, climbing, stooping, squatting, kneeling, balancing, and crawling; never able to climb ropes, ladders, or scaffolds; occasional limitations in the ability to finger and feel with hands and in pushing or pulling with the upper extremities; frequent limitations for use of left foot controls; unable to work in areas with exposure to dampness. T. 108. At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 113. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff could perform. *Id*. Accordingly, the ALJ found plaintiff not disabled. T. 114.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual

3

findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted).

Here, plaintiff argues that the ALJ's decision was erroneous because (1) the ALJ failed to consider medical listing 1.03 at step three of his analysis, (2) the ALJ failed to give good reasons for discounting the opinion of treating physician Dr. Thomas McTernan, (3) the ALJ failed to make a proper credibility assessment, and (4) the ALJ failed to consider reflex sympathy dystrophy syndrome ("RSDS") a severe impairment. Plaintiff further argues that new and material evidence warrants remand pursuant to 42 U.S.C. § 405(g).

"Judicial economy warrants addressing the new evidence issue first because if a remand is necessary then the other issues will not need to be considered at this time. On remand, the Commissioner may resolve the case in such a way that consideration of the other issues is not necessary." *Clemons v. Astrue*, 2013 WL 4542730, *5 (W.D.N.Y. Aug. 27, 2013). Here, the Court determines that remand is necessary to consider the new evidence submitted by

4

plaintiff. Accordingly, the Court does not reach the other issues raised by plaintiff.

A.  **New and Material Evidence Warrants Remand**

Pursuant to the Act, the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "In order to justify remand under this provision, the plaintiff must show (1) that the proffered evidence is 'new' and not merely cumulative of what is already in the record, (2) that the evidence is material, *i.e.*, both relevant to the claimant's condition during the time period for which benefits were denied and probative, and (3) good cause for failing to present the evidence earlier."  *Geracitano v. Callahan*, 979 F. Supp. 952, 958 (W.D.N.Y. 1997).

Plaintiff has submitted, as purportedly new and material evidence, a copy of a favorable determination on his subsequent Title II claim, which was filed on April 8, 2016 and approved on July 8, 2016.  *See* Docket No. 10-2. In determining plaintiff's subsequent Title II claim, the Commissioner found plaintiff disabled as of December 30, 2014, which is one day after ALJ Harvey issued his unfavorable decision in the instant matter.  *See id*.

5

A subsequent favorable decision by the Commissioner constitutes new and material evidence when it "sheds light on the seriousness of [plaintiff's] condition at the time of the first ALJ's decision and is relevant to that time frame." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 504 (S.D.N.Y. 2008). In other words, "if the subsequent [determination] references the initial time period formally adjudicated, the information is considered new and material." *Clemons v. Astrue*, 2013 WL 4542730, at *6 (W.D.N.Y. Aug. 27, 2013); *see also Reyes v. Apfel*, 2000 WL 709087, at *9 (S.D.N.Y. June 2, 2000) (remanding where a subsequent favorable determination "casts considerable doubt on the conclusion of the first ALJ").

In this case, the Commissioner's determination that plaintiff was disabled as of December 30, 2014 (one day after ALJ Harvey determined that plaintiff was not disabled) rested in part on Dr. McTernan's report that plaintiff's use of his hands was limited by his arthritis and by scarring from burns, as well as because of a curved deformity of his left fifth finger. *See* Docket No. 10-2 at 11. However, and as plaintiff points out, there is no evidence whatsoever of a significant change in plaintiff's ability to use his hands between December 29, 2014 and December 30, 2014. To the contrary, Dr. McTernan has consistently reported, from as early as 2012,that plaintiff has "severe joint destruction from the arthritis in his hands, as well as scarring from the burns." T. 462. In addition, at the hearing before ALJ Harvey, plaintiff showed him the deformity of his left finger. *See* T. 142. It is

6

therefore clear that the Commissioner's determination of plaintiff's subsequent Title II claim rested in part on medical conditions that were present during the time period relevant to the instant matter. As the *Mikol* court explained, "[i]t is difficult to believe that on [December 29, 2014] plaintiff was not disabled even though he had a [medical history] which supported a determination that on [December 30, 2014] plaintiff was suddenly disabled." 554 F. Supp. 2d at 504. Accordingly, "[i]t is reasonable to assume that the second decision will impact the decision of the first ALJ because it suggests the impairment was more severe than the first ALJ determined." *Id.*; *see also Clemons*, 2013 WL 4542730 at *6 (subsequent favorable determination was new and material because it was not before the initial ALJ and "reference[d] time-frames and information [previously] adjudicated," and there was "good cause for failing to present this evidence in a prior proceeding because this information was not available until after the Appeals Council's denial").

For the foregoing reasons, the Court finds that it is appropriate to remand this case for consideration of new and material evidence - namely, the favorable determination on plaintiff's subsequent Title II action. In light of this finding, the Court does not reach plaintiff's other arguments regarding the alleged errors in ALJ Harvey's decision.

**B. Plaintiff is Not Entitled to Remand for Payment of Benefits**

Plaintiff contends that this Court should find, as a matter of law, that he was disabled as of April 30, 2014 (his 50th birthday),

7

and that this matter "should be remanded for payment of benefits from April 30, 2014 and ongoing, with the closed period from May 19, 2012 to April 29, 2014 remanded for further proceedings." Docket No. 10-1 at 27. The Court disagrees.

Remand for calculation and payment of benefits is appropriate only "if the record provides persuasive evidence of total disability that render[s] any further proceedings pointless." *Kress v. Barnhart*, 297 F. Supp. 2d 623, 624 (W.D.N.Y. 2004) (internal quotation omitted). Plaintiff argues that the evidence of record overwhelmingly establishes that he was limited to a sedentary RFC in April 2014 and that, under Medical-Vocational Guideline 201.14, he was therefore *per se* disabled as of his 50th birthday. The Court is not prepared, based on the record before it, to find that the only reasonable conclusion is that plaintiff was limited to a sedentary RFC in April 2014. In particular, the Court notes that plaintiff's second surgery occurred on March 31, 2014, and that the evidence of his medical condition in the immediate aftermath of that event is mixed in terms of his abilities. For example, plaintiff's surgeon, Dr. Jennifer Gurske-DePerio, reported on May 15, 2014, that plaintiff was "doing fantastic," to the point that he was "walking on the left leg when he is not supposed to" because "it doesn't hurt." T. 456. On June 26, 2014, plaintiff informed Dr. Gurske-DePerio that he was currently working and that there had been a drastic increase in his range of motion. T. 458. While the Court does not discount the possibility that, on remand, the Commissioner may in fact determine

8

that plaintiff had a sedentary RFC in April 2014, "it is not the role of this Court to weigh the evidence; that is the exclusive province of the Commissioner." *Barrett v. Colvin*, 211 F. Supp. 3d 567, 581-82 (W.D.N.Y. 2016). In light of the limited circumstances in which remand for calculation and payment of benefits is appropriate, and taking into account the fact that the Court has already found that there is new and material evidence that the Commissioner should consider prior to reaching a determination on plaintiff's claim, the Court finds that remand for further administrative proceedings is the appropriate remedy in this case.

V. **Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 14) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **s/Michael A. Telesca**
                                          HON. MICHAEL A. TELESCA
                                          United States District Judge

Dated:    September 26, 2017
            Rochester, New York.